UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>ROBERT RODNEY BLAND,<br>Individually, and d/b/a MOTIVE<br>MAGIC MOBILE WINDSHIELD<br>REPAIR,<br><br>          Defendant. | Civ. No.   20-cv- 5077<br><br><br>**COMPLAINT** |

Plaintiff, United States of America, brings this action to recover damages and civil penalties and alleges the following:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

2.      The United States brings this action against Defendant pursuant to the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq.*, or alternatively under common law.

3.      Venue is proper because at all relevant times, Defendant transacted business and committed acts in violation of the FCA within the District. 31 U.S.C. § 3732(a)

## PARTIES

4.     The United States of America, brings this action on behalf of the General Service Administration (GSA) and other federal agencies that lease GSA fleet vehicles including the Department of the Interior, Department of Health and Human Services, the Department of the Army, the Army Corp of Engineers, and Department of the Air Force.

5.     Defendant, Robert Bland (Bland) lists a residence at 2505 May Court, Rapid City, SD 57703.

6.      During the relevant time, Bland was the sole owner of Motive Magic Mobile Windshield Repair (Motive Magic) located in Rapid City, SD.

## GENERAL ALLEGATIONS

7.     GSA maintains a fleet of approximately 210,000 vehicles.  This includes leasing vehicles to federal agencies as well as providing a mechanism for agencies to fuel and provide necessary maintenance and repairs for these vehicles.[1]

8.     GSA contracts with a company named WEX, Inc. (WEX), which provides vehicle lessees with a credit card that they use to purchase fuel, maintenance, and necessary repairs to their leased vehicles. The credit cards are referred to as WEX cards. The WEX cards are assigned to specific vehicles via a six-digit number on the face of the cards that matches the license plate number on the

---

[1] With the exception of a very limited number of customer agencies who provide their own fuel and maintenance, a majority of GSA customers are under a "rate structure" lease. This means that fuel and maintenance is built into the cost of the lease.

2

leased vehicle (also referred to as the government tag number). GSA WEX cards operate similar to standard credit cards; however, what makes them different from standard credit cards is that they are specific to and are only authorized to be used on the vehicles they are assigned to.

9.     However, not all vendors accept WEX cards or are able to process WEX cards as a form of payment.  As long as the total repair is $100 or less, vendors that do not accept WEX cards call WEX and provide the required information in order to get paid via a centrally-billed MasterCard.  If the repair is over $100, a call is made to a GSA Transportation Specialist at GSA's Maintenance and Control Center (MCC), who approves the repair prior to work being done and handles the payment to the vendor after the work is completed.

10.     In order for a vendor to bill for a repair on a GSA vehicle, WEX requires the following information:

   (a) The vendor's WEX Site ID (also referred to as vendor number);
   (b) GSA government tag number that the repair was done on;
   (c) Amount of repair (as long as it was $100 or less, as required for payment to be handled through WEX);
   (d) Odometer reading; and
   (e) Type of repair.

## FRAUDULENT CONDUCT

11.     Beginning at a time unknown, but no later than March 2011, and continuing through April 2018, Bland devised and intended a scheme to defraud the United States and enrich himself.

12.     Bland would bill for numerous windshield rock chip repairs and receive compensation from GSA for repairs without actually performing the repairs.

13.     In furtherance of his scheme to defraud, Bland would obtain the relevant information for a particular GSA vehicle leased by a federal agency.  After obtaining the information, Bland would fill out invoices then bill GSA through WEX.

14.     Bland would usually charge $25.00 for each rock chip repair and would frequently bill multiple rock chip repairs at one time for the same windshield.

15.     The majority of the time, the agency which leased the GSA vehicle was unaware that the claimed repair had been billed to GSA because Bland would not notify the agency representative or provide the invoice to the agency before or after billing GSA for the claimed repair.

16.     Since Motive Magic did not accept WEX cards, in order to obtain payment for the claimed repairs, Bland would call WEX to obtain a centrally billed MasterCard number, including the card number, the expiration date, and the three-digit security code on the back of the card. In order to get the MasterCard number, Bland provided the information specific to the GSA vehicle he had claimed to perform a repair(s) on to the WEX representative. After receiving the MasterCard number, the expiration date, and the three-digit security number, Bland would then use a payment processing service to bill the MasterCard for the claimed repair(s).

17.     Bland specifically misrepresented information regarding claimed repairs, including a description of repairs. These representations were false in that the work, or portions thereof, was not performed.

18.     Bland knew his representations were materially misleading, omitting critical information, and creating a pattern of false conduct.

19.     In May 2017, GSA noticed suspicious activity involving Motive Magic and performed a review which revealed that Motive Magic had the second highest number of claims for windshield repair in the country, which was unusual since Motive Magic was located in an area where there was not a large concentration of GSA vehicles.

20.     Between November 29, 2017, and August 7, 2018, GSA examined 18 vehicles Bland claimed to have performed repairs on to determine whether the total number of claimed rock chip repairs was accurate.  GSA determined that only 22 out of 416 (5.3%) of the claimed repairs had actually been performed.

21.     Between March 25, 2011, and August 8, 2018, Bland billed GSA over $10,400.00, which was for approximately 456 rock chips at $25.00 per repair, for the 18 vehicles examined.  *See* Exhibit 1.[2]  As a result, Bland fraudulently obtained approximately $9,725.00 he was not entitled to receive.

22.     Between January 1, 2010, and May 31, 2018, Bland overbilled GSA for windshield repairs totaling approximately $75,000.00, based upon an extrapolation determined by the percentage of fraudulent repairs performed on the 18 sampled vehicles.

---

[2] Additional claims, which were not included in the Factual Basis Statement were identified when reviewing the claims for this civil complaint.  Exhibit 1.

23.     Bland pleaded guilty to two counts of Wire Fraud, in violation of 18 U.S.C. § 1343 and theft of government property, in violation of 18 U.S.C. § 641. *United States v. Robert Rodney Bland,* 19CR50071-1, District of South Dakota.  The Judgment is attached as Exhibit 2.

24.     The Factual Basis Statement, executed by Bland and filed in the criminal case (Docket 31), is attached as Exhibit 3 and sets forth Bland's materially false acts committed in furtherance of the scheme to defraud the United States.

<u>**COUNT ONE**</u>

<u>**VIOLATIONS OF THE FALSE CLAIMS ACT (31 U.S.C. § 3729)**</u>

25.     A conviction rendered in any criminal proceeding charging fraud or false statement estops the defendants from denying the elements of the offense in any FCA suit.  31 U.S.C. § 3731(e).

26.     The Factual Basis Statement, attached as Exhibit 3, is incorporated herewith, and sets forth the specific overt acts committed by Bland in furtherance of his scheme to defraud the United States.

27.     The specific false and fraudulent claims for payment made by Bland to GSA between March 25, 2011, and August 8, 2018, which was for approximately 401 rock chips at $25.00 per repair, for the 18 vehicles examined, constituting violations of the FCA, are attached as Exhibit 1 and incorporated herewith. *See*, Exhibit 3.

28.     Based upon an extrapolation determined by the percentage of fraudulent repairs performed on the 18 sampled vehicles, Bland overbilled GSA for

windshield repairs totaling approximately $75,000.00 between January 1, 2010, and May 31, 2018. *Id.*

29.     Bland knowingly presented, or caused to be presented, false claims and/or materially false statements, with knowledge of their falsity, solely to obtain federal funds, chiefly by presenting information specific to the GSA vehicle he had claimed to perform repairs on to the WEX representative to obtain a MasterCard number, then submitting claims for payment.

30.     Bland's representations, actions, and conduct were material to the decisions by GSA to make payment on the false and fraudulent claims because that information was critical qualifying information to satisfy payment provisions.

31.     GSA relied on the veracity of Bland's representations with each request for payment.

32.     GSA paid the false and fraudulent claims for rock chip repairs because of Bland's representations, actions and conduct.

33.     By reasons of Bland's violations of 31 U.S.C. § 3729(a)(1), the United States has sustained damages in an amount to be determined at trial.

**COUNT TWO**

**COMMON LAW FRAUD**

34.     Between 2010 and 2018, Bland engaged in a pattern or practice of making misrepresentations, false statements, and false claims in order to obtain monies from the United States, intending the United States to rely upon those false

representations, statements and claims. *See* Exhibits 1-3, incorporated herewith.

35.    Bland specifically misrepresented the existence of repairs to GSA fleet vehicles. *Id.*

36.    Bland knew or should have known that the false claims and representations were false and fraudulent.

37.    The United States relied upon Bland's materially false claims and representations and, as a result, has been damaged in amounts to be determined at trial.

Wherefore, the United States requests that this Court enter judgment in its favor and against Bland as follows:

A.    On the First Count, an amount three times the amount of damages which the United States sustained because of his acts, together with civil penalties, plus litigation costs and such further relief as may be just and proper.

B.    On Count Two, for damages sustained by the United States to be determined at trial, plus interest, punitive damages, costs and expenses, and for such other relief as may be just and proper.

**THE UNITED STATES REQUESTS A TRIAL BY JURY**

Dated this 21st day of December, 2020.

RONALD A. PARSONS, JR.
UNITED STATES ATTORNEY

Cheryl Schrempp DuPris
Assistant United States Attorney
P. O. Box 7240
Pierre, SD 57501
(605) 224-5402
Cheryl.Dupris@usdoj.gov

9

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Robert Rodney Bland, individually, and d/b/a Motive Magic

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Pennington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Cheryl Schrempp DuPris, Assistant U.S. Attorney
P.O. Box 7240, Pierre, SD 57501

Attorneys *(If Known)*

Eric Schlimgen
1130 N. Main St. #9, Spearfish, SD 57783

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| [x] 1  U.S. Government Plaintiff | [ ] 3  Federal Question *(U.S. Government Not a Party)* |
| [ ] 2  U.S. Government Defendant | [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [x] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| [x] 1 Original Proceeding | [ ] 2 Removed from State Court | [ ] 3 Remanded from Appellate Court | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from Another District *(specify)* | [ ] 6 Multidistrict Litigation - Transfer |   [ ] 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. 3729, et seq.
Brief description of cause:
Defendant submitted multiple fraudulent claims to the government in violation of the False Claims Act.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
850,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
December 21, 2020

SIGNATURE OF ATTORNEY OF RECORD
*Cheryl Schrempp DuPris*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Vehicles<br>Date Range of Loss Analysis March 25, 2011, to August 8, 2018 | Total Amount Billed (Rock Chips Only) | Total Number of Billings (Rock Chips Only) | Total Chips Billed by MM at $25 Per Chip Repair | Total Amount After All Windshield Replacements | Total Chips After All Windshield Replacements (at $25/chip) | Total Repairs Identifed on Windshields During Inspections | Total Amount to Subtract Due to Repairs Identified on Windshields | Total Number of Fraudulent Chips Billed for at $25 Per Chip Repair | Total Amount of Loss $ |
|---|---|---|---|---|---|---|---|---|---|
| Tag Number: G61-0723U (formerly G61-2043H), VIN 1J8HR48P49C557144 | $625.00 | 10 | 25 | $625.00 | 25 | 1 | $25.00 | 24 | $600.00 |
| Tag Number: G13-3851M, VIN 1FAHP3F29CL470285 | $325.00 | 5 | 13 | $325.00 | 13 | 1 | $25.00 | 12 | $300.00 |
| Tag Number: G13-3856M, VIN 1FADP3F26DL139793 | $550.00 | 10 | 22 | $550.00 | 22 | 0 | $0.00 | 22 | $550.00 |
| Tag Number: G13-3417S, VIN 1FADP3F26GL312412 | $350.00 | 5 | 14 | $350.00 | 14 | 1 | $25.00 | 13 | $325.00 |
| Tag Number: G41-3378S, VIN 2C4RDGBG7GR343659 | $350.00 | 5 | 14 | $350.00 | 14 | 0 | $0.00 | 14 | $350.00 |
| Tag Number: G61-1757M, VIN 2GNFLEEKXD6148928 | $1,775.00 | 24 | 71 | $1,775.00 | 71 | 2 | $50.00 | 69 | $1,725.00 |
| Tag Number: G41-1324N, VIN 2C4RDGBG3DR732553 | $450.00 | 7 | 18 | $325.00 | 13 | 0 | $0.00 | 13 | $325.00 |
| Tag Number: G61-1649M, VIN 2GNFLEEK3D6152951 | $1,000.00 | 14 | 40 | $425.00 | 17 | 0 | $0.00 | 17 | $425.00 |
| Tag Number: G41-2435P, VIN 2C4RDBG2ER353366 | $425.00 | 6 | 17 | $425.00 | 17 | 4 | $100.00 | 13 | $325.00 |
| Tag Number: G61-0806R, VIN 1GCGTAE37F1225498 | $375.00 | 6 | 15 | $375.00 | 15 | 3 | $75.00 | 12 | $300.00 |
| Tag Number: G32-0356R, VIN 4DRBUAAN2GB207707 | $350.00 | 5 | 14 | $350.00 | 14 | 3 | $75.00 | 11 | $275.00 |
| Tag Number: G32-0082G, VIN 4DRBUSKN9DB079059 | $425.00 | 6 | 17 | $425.00 | 17 | 0 | $0.00 | 17 | $425.00 |
| Tag Number: G32-0294P, VIN 4DRBUAAN8FB618320 | $300.00 | 4 | 12 | $300.00 | 12 | 1 | $25.00 | 11 | $275.00 |
| Tag Number: G32-0299N, VIN 4DRBAAN1EB797539 | $500.00 | 8 | 20 | $500.00 | 20 | 1 | $25.00 | 19 | $475.00 |
| Tag Number: G32-0398G, VIN 41DRBUSKN2EB308974 | $800.00 | 10 | 32 | $800.00 | 32 | 1 | $25.00 | 31 | $775.00 |
| Tag Number: G32-0170M, VIN 4DRBUSKN4EB307213 | $625.00 | 8 | 25 | $625.00 | 25 | 1 | $25.00 | 24 | $600.00 |
| Tag Number: G41-1329N, VIN 2C4RDGBGXDR732548 | $1,075.00 | 18 | 43 | $1,075.00 | 43 | 3 (plus 5 more done after our inspection) | $0.00 | 35 | $875.00 |
| Tag Number: G61-1544R, VIN 2GNFLFEK8F6366598 | $1,100.00 | 17 | 44 | $1,100.00 | 44 | 1 | $0.00 | 44 | $1,100.00 |
| **TOTALS** | **$11,400.00** | **168** | **456** | **$10,700.00** | **428** | **22** | **$675.00** | **401** | **$10,025.00** |
| | | | | | | | | | |
| Tag Number: G32-0170M, VIN 4DRBUSKN4EB307213 | $325.00 | 8 | 13 | $325.00 | 13 | 1 | $25.00 | 12 | $300.00 |
| Tag Number: G41-1329N, VIN 2C4RDGBGXDR732548 | $1,075.00 | 18 | 43 | $1,075.00 | 43 | 3 (plus 5 more done after our inspection) | $200.00 | 35 | $875.00 |

AO 245B   (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District Of South Dakota, Western Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| Robert Rodney Bland | ) | Case Number:    5:19CR50071–1 |
| | ) | USM Number:    18130-273 |
| | ) | Eric M. Schlimgen |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

■ pleaded guilty to count(s) <u>6, 18, and 19 of the Indictment</u>

☐ pleaded nolo contendere to count(s)
which was accepted by the Court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 012/28/2017 | 6 |
| 18 U.S.C. § 1343 | Wire Fraud | 11/27/2017 | 18 |
| 18 U.S.C. § 641 | Theft of Government Property | 04/06/2018 | 19 |

The defendant is sentenced as provided in this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

■ Count(s)   1-5 and 7-17 of the Indictment                    ☐ is  ■ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States attorney of material changes in economic circumstances.

09/04/2020
Date of Imposition of Judgment

Signature of Judge

Jeffrey L. Viken, United States District Judge
Name and Title of Judge

September 20, 2020
Date

AO 245B   (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:         Robert Rodney Bland
CASE NUMBER:       5:19CR50071-1

## IMPRISONMENT

■   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
    12 months on Count 6, 12 months on Count 18, and 12 months on Count 19, to run concurrently. A total of 2 days shall be
    credited to time served.

☐   The Court makes the following recommendations to the Bureau of Prisons:

■   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐   a.m.   ☐   p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

United States v. Bland
Compl. Ex. 2

AO 245B    (Rev. 09/19) Judgment in a Criminal Case
           Sheet 3 - Supervised Release

DEFENDANT:          Robert Rodney Bland
CASE NUMBER:        5:19CR50071-1

## SUPERVISED RELEASE

No supervised release is imposed.

The mandatory drug testing condition is not ordered, as you will not be supervised by U.S. Probation.

You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other state authorizing a sentence of restitution.

United States v. Bland
Compl. Ex. 2

AO 245B   (Rev. 09/19) Judgment in a Criminal Case
         Sheet 5 –– Criminal Monetary Penalties

| DEFENDANT: | Robert Rodney Bland |
| CASE NUMBER: | 5:19CR50071-1 |

# CRIMINAL MONETARY PENALTIES

You must pay the total criminal monetary penalties under the Schedule of Payments set below.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $300 | $75,000 | Waived | Not applicable | Not applicable |

☐    The determination of restitution is deferred until.

      *An Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

■    You must make restitution (including community restitution) to the following payees in the amount listed below.

      If you make a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| General Services Administration | $75,000 | $75,000 | |

| **TOTALS** | $  75,000 | $  75,000 | |
|---|---|---|---|

■    Restitution amount ordered pursuant to Plea Agreement  $        75,000.

☐    You must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■    The Court determined that you do not have the ability to pay interest and it is ordered that:

      ■   the interest requirement is waived for the  ☐  fine  ■  restitution.

      ☐   the interest requirement for the  ☐  fine  ☐  restitution is modified as follows:

*Amy, Vicky, & Andy Child Pornography Assistance Act of 2018, Pub. L. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
***Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

United States v. Bland
Compl. Ex. 2

AO245B    (Rev. 09/19) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

DEFENDANT:          Robert Rodney Bland
CASE NUMBER:        5:19CR50071-1

# SCHEDULE OF PAYMENTS

Having assessed your ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ■  Lump sum payment of $   300    due immediately, balance due

     ☐   not later than _____ , or

     ■   in accordance with  ☐  C,  ☐  D,  ■  E, or ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐  C,  ☐  D, or  ☐  F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ ,
     to commence _____ *(e.g., 30 or 60 days)* after the date of this Judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ ,
     to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
     term of supervision; or

**E**  ■  Payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50% of the deposits in your inmate trust account while the you are in custody, or 10% of your inmate trust account while serving custody at a Residential Reentry Center. Any portion of the monetary obligation(s) not paid in full prior to your release from custody shall be due in monthly installments of $500, such payments to begin 60 days following your release.

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

You shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)*, | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐  You shall pay the cost of prosecution.

☐  You shall pay the following Court cost(s):

■  You shall forfeit your interest in the following property to the United States:
1. 2009 Cypress Cay pontoon boat, hull number: HAMC2284F909, annual registration sticker number: SD8947AA, registration State: South Dakota;
2. 2011 Shore Lander boat trailer, VIN number: 1MDBTAW19BA473059, license plate number: R53296, registration State: South Dakota;
3. 2011 Harley Davidson motorcycle, model: FLHX, VIN number: 1HD1KBM13BB655742, license plate number: M36056, registration State: South Dakota;
4. 2008 Forest River 5th wheel camper, model: Cedar Creek, VIN number: 4X4FCRF2088201258, license plate number: T720723, registration State: South Dakota; and
5. 2016 Chevrolet Express van, model: G2500, VIN number: 1GCWGAFG4G1228975, license plate number: 32363V, registration State: South Dakota.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

United States v. Bland
Compl. Ex. 2

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

  vs.

ROBERT RODNEY BLAND,

   Defendant.

CR 19-50071

FACTUAL BASIS STATEMENT

The Defendant states the following facts are true, and the parties agree that they establish a factual basis for the offense to which the Defendant is pleading guilty pursuant to Fed. R. Crim. P. 11(b)(3).

The General Services Administration (GSA), a department and agency of the United States, is responsible for maintaining a fleet of approximately 210,000 vehicles. This includes leasing vehicles to federal agencies as well as providing a mechanism for agencies to fuel and provide necessary maintenance and repairs for these vehicles. With the exception of a very limited number of customer agencies who provide their own fuel and maintenance, a majority of GSA customers are under a "rate structure" lease. This means that fuel and maintenance is built into the cost of the lease.

GSA contracts with a company named WEX, Inc. (WEX), which provides vehicle leasees and drivers with a credit card that they use to purchase fuel, maintenance, and necessary repairs to their leased vehicles. The credit cards are referred to as WEX cards. The WEX cards are assigned to specific vehicles via a six digit number on the face of the cards that matches the license plate number

on the leased vehicle (also referred to as the government tag number). GSA WEX cards operate similar to standard credit cards; however, what makes them different from standard credit cards is that they are specific to and are only authorized to be used on the vehicles they are assigned to.

When fuel, maintenance, or repairs are needed for a GSA-leased vehicle, the driver uses the vehicle's WEX card to pay for these. When purchasing fuel, the driver is required to enter the vehicle's mileage and the correct six-digit card/government tag number into the pump's electronic payment system or at the gas station counter. Maintenance vendors can also charge the WEX card for repairs $100 or less and they also have to enter the vehicle's mileage and the correct six-digit card/government tag number in order to receive payment for the repairs.

There are some vendors that do not take WEX cards and/or are not able to process WEX cards as a form of payment. When this happens, the vendor is required to contact WEX or GSA's Maintenance and Control Center (MCC) to obtain payment.  If the repair is $100 or less, the vendor is directed to a WEX operator, who provides them with payment via a centrally billed MasterCard.  If the repair is over $100, the vendor is directed to the MCC, who requires the vendor to obtain approval of the repair prior to the work being done and then the MCC issues the vendor payment via a centrally billed MasterCard after the repair is completed.

GSA has a division referred to as the Loss Prevention Team (LPT), which conducts analytical reviews of the GSA-leased vehicles and their associated WEX

2

United States v. Bland
Compl. Ex. 3

cards in order to safeguard the fleet program and look for potential fraud and misuse within the program. The LPT uses GSA and WEX databases to look for irregularities and patterns of potential misuse within the fleet program. When they find instances of potential fraud or misuse, they refer these matters to the GSA Office of Inspector General (OIG) for review, which could result in an audit or an investigation.

Between March 2010 and April 2018, the defendant, Robert Rodney Bland, was a resident of South Dakota and was the sole owner of Motive Magic Mobile Windshield Repair (Motive Magic) located in Rapid City, South Dakota.

From March 2010 through April 2018, Bland, as the sole owner of Motive Magic, maintained a business repairing and replacing windshields. As part of his business, Bland would travel to the location of GSA vehicles to conduct repairs. Bland also maintained a physical location as a repair shop where he would occasionally repair windshields, but the majority of his business was traveling to the location of the vehicle to make onsite repairs.

In May 2017, an LPT specialist with GSA sent a referral to the GSA OIG in Denver, Colorado, regarding suspicious activity involving a GSA WEX card vendor named Motive Magic. The LPT specialist had performed an audit on GSA fleet vehicles and became concerned when she noticed Motive Magic had the second largest amount of windshield repairs in the country. The LPT specialist believed this to be odd since Motive Magic was located in Rapid City, South Dakota, where there was not a large concentration of GSA vehicles. The only

vendor that had more windshield repairs than Motive Magic was the Nationwide company, Safelite AutoGlass.

In order for a vendor to bill for a repair on a GSA vehicle, WEX requires the following information:

      (a) The vendor's WEX Site ID (also referred to as vendor number);

      (b) GSA government tag number that the supposed repair was done on;

      (c) Amount of repair (as long as it was $100 or less);

      (d) Odometer reading; and

      (e) Type of repair.

Motive Magic did not accept WEX cards. Between March 25, 2011, and April 6, 2018, Motive Magic used two payment processing services in order to bill GSA/WEX for repairs. To accomplish this, Motive Magic had to call these repairs into WEX in order to get paid via a centrally-billed MasterCard. All Motive Magic had to do was call WEX, give them the required information listed above, and then WEX would pay as long as the total amount of the repair was $100 or less. If the repair was over $100, the call was handled by a GSA Transportation Specialist at GSA's MCC and this person handled the payment to the vendor.

Beginning in or about March 2011, and continuing through in or about April 2018, Bland devised and intended to devise a scheme and artifice to defraud the GSA and enrich himself. As part of the scheme and artifice to defraud, Bland would bill for numerous windshield rock chip repairs and receive compensation from GSA for those repairs without actually performing the repair.

United States v. Bland
Compl. Ex. 3

Bland, as the sole owner of Motive Magic, performed windshield repairs for several federal agencies in South Dakota that leased GSA fleet vehicles, including, but not limited to, the Department of Interior (the Bureau of Indian Affairs and the Office of the Special Trustee for American Indians), the Department of Health and Human Services, the Army Corps of Engineers, the Department of the Army, and the Department of the Air Force.

Between March 2011 and April 2018, Bland billed GSA for rock chip repairs that he never performed on GSA fleet vehicles. In furtherance of the scheme and artifice to defraud, Bland would obtain the relevant information for a particular GSA vehicle leased by a federal agency. After obtaining the information, Bland would fill out Motive Magic invoices and then bill GSA through WEX. Bland would consistently charge $25.00 for each rock chip repair and would frequently bill multiple claimed rock chip repairs at one time for the same windshield.

The majority of the time, the agency which leased the GSA vehicle was unaware that the claimed repair had been billed to GSA because Bland would not notify the agency representative or provide invoices to the agency before or after billing for a claimed repair.

In order to obtain payment for the claimed repairs, Bland would then call WEX to obtain a centrally billed MasterCard number, including the card number, the expiration date, and the three digit security code on the back of the card. In order to get the MasterCard number, Bland provided the information specific to the GSA vehicle he had claimed to perform a repair(s) on to the WEX

5

United States v. Bland
Compl. Ex. 3

representative. After receiving the MasterCard number, the expiration date, and the three digit security number, Bland would then use a payment processing service to bill the MasterCard for the claimed repair(s).

Bland would generate a Motive Magic invoice for every billing which contained information specific to the claimed repair, including identification of the vehicle being repaired and a description of the repair. The information written on the invoice was the specific information that was required by WEX in order to bill for a repair. Bland maintained the majority of the invoices for his business records.

Between November 29, 2017, and August 7, 2018, a random sampling of 18 vehicles Bland claimed to have performed repairs on was examined to determine whether the total number of claimed rock chip repairs was accurate. The total amount that Bland billed for rock chip repairs on these 18 vehicles (after any windshield replacement was done) was approximately $10,400.00, which would have been 416 rock chips at $25 per repair. An inspection of each of these vehicles showed that out of all of these billings that Bland claimed to have performed repairs on, only approximately 22 repairs had actually been performed, or approximately 5.3% of the claimed repairs. Bland fraudulently billed GSA and was compensated for approximately 389 repairs he had never performed. As a result, regarding the 18 vehicles that were examined, Bland fraudulently obtained approximately $9,725.00 in funds he was not entitled to receive.

6

Specifically, as it relates to Counts 6 and 18 of the Indictment, the examination of the vehicle windshields showed the following:

| Count | Vehicle Identification Number | Agency leasing the vehicle | Number of repaired rock chips Bland billed to GSA | Actual number of repaired rock chips | Number of fraudulent rock chips Bland billed to GSA | Loss |
|-------|------------------------------|----------------------------|------------------------------------|--------------------------------------|------------------------------------|--------|
| 6 | 2GNFLEEKXD6148928 | Department of the Air Force | 71 | 2 | 69 | $1,725 |
| 18 | 2GNFLFEK8F6366598 | Army Corp. of Engineers | 44 | 0 | 44 | $1,100 |

The vehicles identified in Counts 6 and 18 had never had the windshield replaced and the factory windshield was in the vehicle at the time of the examination.

In total, between January 1, 2010, and May 31, 2018, Bland overbilled billed GSA windshield repairs totaling approximately $75,000.00. Bland used the fraudulent proceeds to purchase and/or pay for the vehicles identified in paragraph J of the plea agreement.

RONALD A. PARSONS, JR.
United States Attorney

3/30/2020
Date

Benjamin Patterson
Assistant United States Attorney
515 9th Street, Suite 201
Rapid City, SD 57701
Telephone: (605) 342-7822

7

United States v. Bland
Compl. Ex. 3

3-27-20
Date

Robert Rodney Bland
Defendant

3-27-20
Date

Eric M. Schlimgen
Attorney for Defendant

8